**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Eric Hoffman, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-10847 |
| Steven Plastics, Inc., | |
| Defendant. | |

**COMPLAINT**

Plaintiff Eric Hoffman ("Hoffman" or "Plaintiff"), by and through his attorneys at Litico Law Group, hereby files this Complaint against Defendant Steven Plastics, Inc. ("Steven Plastics" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and for replevin under Illinois state law.

**PARTIES**

2.      Plaintiff Eric Hoffman is an individual residing in Schaumburg, Illinois.

3.      Defendant Steven Plastics, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 2125 Stonington Avenue, Hoffman Estates, IL 60169.

4.      Steven Plastics also operates under the names "Untangler," "The Untangler," and "Untangler Products."

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over the patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has supplemental jurisdiction over the state law replevin claim pursuant to 28 U.S.C. § 1367(a), as it forms part of the same case or controversy as the federal claim.

7.     This Court has personal jurisdiction over Defendant because Defendant resides in this judicial district and has committed acts of patent infringement in this district.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this district and has committed acts of infringement in this district.

**FACTUAL BACKGROUND**

9.     On September 20, 2011, the United States Patent and Trademark Office duly and lawfully issued U.S. Design Patent No. D645,247 S ("the '247 Patent"), entitled "Round Fishing Tackle Box," to Plaintiff Eric Hoffman. The '247 Patent is valid for a term of 14 years from the date of issuance and will expire on September 20, 2025. A true and correct copy of the '247 Patent is attached hereto as Exhibit A and incorporated by reference.

10.     Hoffman is the sole owner of all right, title, and interest in and to the '247 Patent, and has the right to sue for past, present, and future infringement thereof.

11.     On or around 2007, Hoffman purchased a set of tools and molds required to injection mold the round fishing tackle box described in the '247 Patent (the "Product"). The total cost of the tools was approximately $100,000, and, on information and belief, the replacement cost for the tooling would be a similar amount today.

12.     Hoffman originally housed his tooling at Makray Manufacturing in Norridge, Illinois, which manufactured the Product for Hoffman for years.

13.     Around 2019, Makray Manufacturing went out of business. At that time, the tooling was transferred to Defendant Steven Plastics, through an employee leaving, John Watkins, in anticipation of manufacturing the Product for Hoffman in the future.

14.     Hoffman and Defendant had no agreement regarding the transfer or use of the tooling. The transfer was made with the understanding that Defendant would house the tooling and potentially manufacture the Product for Hoffman in the future.

15.     Contrary to this understanding and without Hoffman's knowledge or consent, Defendant began utilizing Hoffman's property to manufacture the Product and sell it directly to consumers around 2019, shortly after receiving the tooling. This unauthorized production and sale of the Product represents a direct infringement of Hoffman's patent rights.

16.     Defendant has been and is currently selling the Product exactly as described in the '247 Patent, with the only exception being changing the name stamped on the front of the box to their company's name "Untangler."

17.     Defendant has recently sold the infringing Product through multiple sales channels including on Amazon, Walmart.com, and UntanglerProducts.com. Listings attached as Group Exhibit B.

18.     On information and belief, Defendant has sold over 100 units of infringing products over the past two years.

19.     On August 27, 2024, Hoffman requested via telephone that Defendant return the tooling, but Defendant refused.

20.     The tooling is believed to be currently located at Defendant's facility at 2125 Stonington Avenue, Hoffman Estates, IL 60169.

## COUNT I: PATENT INFRINGEMENT

21.     Hoffman incorporates by reference paragraphs 1-20 as if fully set forth herein.

22.     Defendant has been and still is directly infringing the '247 Patent by making, using, offering to sell, selling, and/or importing the Product that embodies the design covered by the '247 Patent.

23.     The Product manufactured and sold by Defendant is substantially similar to the design claimed in the '247 Patent. Specifically:

   a.  The overall shape and proportions of Defendant's Product are virtually identical to those shown in the '247 Patent.

   b.  The arrangement and configuration of the compartments within the Product closely match those depicted in the '247 Patent.

   c.  The latching mechanism and handle design of Defendant's Product are substantially similar to those illustrated in the '247 Patent.

24.     Defendant's infringement has been and continues to be willful, deliberate, and in disregard of Hoffman's rights under the '247 Patent. This willfulness is evidenced by:

   a.  Defendant's access to and use of Hoffman's proprietary tooling to manufacture the infringing Product.

   b.  Defendant's continued manufacture and sale of the infringing Product despite knowledge of Hoffman's patent rights.

   c.  Defendant's failure to seek a license or permission from Hoffman to manufacture and sell the Product.

25.     As a direct and proximate result of Defendant's infringement of the '247 Patent, Hoffman has suffered and will continue to suffer damages, including but not limited to:

   a.  Lost profits from sales Hoffman would have made absent Defendant's infringement;

   b.  Reasonable royalties for Defendant's use of the patented design;

   c.  Damage to Hoffman's business reputation and goodwill; and

   d.  Costs associated with enforcing Hoffman's patent rights.

26.     Pursuant to 35 U.S.C. § 284, Hoffman is entitled to damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the Defendant, together with interest and costs as fixed by the court.

27.     Due to the willful nature of Defendant's infringement, Hoffman is entitled to treble damages under 35 U.S.C. § 284.

28.     This case is exceptional under 35 U.S.C. § 285, and Hoffman is entitled to an award of attorneys' fees.

WHEREFORE, Hoffman respectfully requests that this Court:

a.  Enter judgment that Defendant has infringed the '247 Patent;

b.  Enter judgment that Defendant's infringement of the '247 Patent has been willful;

c.  Enter a preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with them, from further infringement of the '247 Patent;

d.  Award damages adequate to compensate Hoffman for Defendant's infringement of the '247 Patent, including Defendant's profits, Hoffman's lost profits and/or a reasonable royalty, in an amount to be proven at trial;

e.  Award treble damages pursuant to 35 U.S.C. § 284 in light of Defendant's willful infringement;

f.  Declare this case exceptional under 35 U.S.C. § 285 and award Hoffman's reasonable attorneys' fees;

g.  Award Hoffman pre-judgment and post-judgment interest on the damages awarded; and

h.  Grant such other and further relief as the Court deems just and proper.

## COUNT II: REPLEVIN

29.     Hoffman incorporates by reference paragraphs 1-20 as if fully set forth herein.

30.     Hoffman is the rightful owner of the tooling used to manufacture the Product. This tooling includes, but is not limited to:

a.  Injection molds for the main body of the fishing tackle box

b.  Molds for the compartment dividers

      c.    Molds for the latching mechanism

      d.    Any associated equipment specifically designed for the manufacture of the Product

31.      The tooling is unique and specifically designed for the manufacture of Hoffman's patented Product. It cannot be easily replaced without significant cost and delay.

32.      The tooling is believed to be currently located at Defendant's facility in Hoffman Estates, Illinois.

33.      The current value of the tooling is approximately $100,000, based on the original purchase price and the estimated replacement cost.

34.      Defendant has wrongfully retained possession of the tooling despite Hoffman's demand for its return. This wrongful retention has caused and continues to cause damage to Hoffman by:

      a.    Depriving Hoffman of the ability to manufacture his patented Product

      b.    Enabling Defendant to continue infringing Hoffman's patent rights

      c.    Potentially degrading the value of the tooling through use and wear

35.      Hoffman is entitled to immediate possession of the tooling.

36.      As a direct and proximate result of Defendant's wrongful retention of the tooling, Hoffman has suffered and will continue to suffer damages, including but not limited to:

      a.    Lost profits from Hoffman's inability to manufacture and sell the Product;

      b.    Costs associated with attempting to recover the tooling;

      c.    Potential degradation of the value of the tooling due to unauthorized use;

      d.    Costs that may be incurred in refurbishing or replacing the tooling if it has been damaged or worn during Defendant's unauthorized use.

37.      Hoffman is entitled to compensatory damages in an amount to be proven at trial, but not less than the current value of the tooling, which is approximately $100,000.

WHEREFORE, Hoffman respectfully requests that this Court:

      a.   Enter judgment that Hoffman is entitled to immediate possession of the tooling;

      b.   Issue an order requiring Defendant to immediately return the tooling to Hoffman;

      c.   Award damages for Defendant's wrongful retention of Hoffman's tooling, in an amount to be proven at trial, but not less than $100,000;

      d.   Award Hoffman pre-judgment and post-judgment interest on the damages awarded;

      e.   Award Hoffman's costs incurred in this action; and

      f.   Grant such other and further relief as the Court deems just and proper.

## COUNT III: CONVERSION
### (Alternate to Count II)

38.     Hoffman incorporates by reference paragraphs 1-20 as if fully set forth herein.

39.     Hoffman is the rightful owner of the tooling used to manufacture the Product.

40.     Defendant has wrongfully assumed control, dominion, or ownership over the tooling without Hoffman's authorization.

41.     Defendant's unauthorized use of the tooling to manufacture and sell the Product for its own benefit constitutes conversion of Hoffman's property.

42.     Hoffman has been damaged by Defendant's conversion of the tooling, including but not limited to:

      a.   The loss of use of the tooling;

      b.   The loss of profits that would have been generated from the use of the tooling;

      c.   The potential degradation of the tooling's value due to unauthorized use and wear.

43.     Defendant's conversion of the tooling was willful and wanton, justifying the imposition of punitive damages.

WHEREFORE, Hoffman respectfully requests that this Court:

a.   Enter judgment in favor of Hoffman on the claim of conversion;

b.   Award Hoffman compensatory damages in an amount to be proven at trial;

c.   Award Hoffman punitive damages due to the willful and wanton nature of Defendant's conduct;

d.   Award Hoffman pre-judgment and post-judgment interest on the damages awarded;

e.   Award Hoffman's costs incurred in this action; and

f.   Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


Eric Hoffman

*/s/David K. Radkin*
David K. Radkin (ARDC 6336603)
Matthew A. Wood (ARDC 6304318)
Litico Law Group
3701 Algonquin Road, Suite 450
Rolling Meadows, Illinois 60008
(847) 307-5942
dkr@litico.law
maw@litico.law
*Attorneys for Eric Hoffman*